IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDDIE JAMES LOWERY and
AMANDA MARIE LOWERY,

        Plaintiffs,

vs.

Case No. 04-3101-JTM

THE COUNTY OF RILEY *et al.*,

        Defendants.

MEMORANDUM AND ORDER

This matter comes before the court on plaintiffs' motion to certify defendants' interlocutory appeal as frivolous (Dkt. No. 142). After reviewing the parties' arguments, the court denies plaintiffs' motion.

*I.  Factual Background:*

Plaintiffs brought the present action alleging violations of 42 U.S.C. § 1983 following plaintiff, Eddie Lowery's, conviction and subsequent exoneration. Defendants Steve French, Alvan Johnson, Douglass Johnson, Harry L. Malugani, Allen Raynor, Riley County Law Enforcement Department, William "Mike" Watson, and Larry Woodyard filed a motion for summary judgment with this court, which the court denied on September 15, 2006. On October 12, 2006, the individual defendants filed a notice of appeal of the court's denial of summary judgment. Thereafter, on November 2, 2006, the Tenth Circuit issued an order suspending full

briefing on defendants' interlocutory appeal and scheduling briefing in order to determine whether there is appellate jurisdiction over defendants' appeal. In response to defendants' appeal, the plaintiffs filed the present motion to certify the defendants' interlocutory appeal as frivolous.

*II. Standard of Review and Conclusions of Law:*

Defendants appeal this court's determination denying qualified immunity in their individual capacities. Plaintiffs argue that the defendants' interlocutory appeal of qualified immunity is without merit because it is premised on defendants' refusal to accept plaintiffs' version of the facts as true and the sufficiency of the evidence supporting plaintiffs' claims.

The filing of a notice of appeal confers jurisdiction upon the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Molina v. Christenson*, No. 00-2585, 2002 WL 1461976 (D. Kan. 2002) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The Tenth Circuit has determined a procedure whereby a district court may maintain jurisdiction over a case if the court certifies that the party's appeal is frivolous. *Id*. (citing *United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982)). However, an interlocutory appeal from an order refusing to dismiss on qualified immunity grounds relates to the entire action. Therefore, the district court does not have jurisdiction to proceed with any part of the action against an appealing defendant. *Id*. (citing *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990)).

In order to avoid abuse, the Tenth Circuit, in *Stewart*, noted "that once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed." *Stewart*, 915 F.2d at 577-78. The Circuit further explained that a district court may regain jurisdiction if it determines that an appeal is frivolous following a

hearing and substantial reasoning supporting the frivolous nature of the appeal. *Id*. (citing *United States v. Hines*, 689 F.2d 934, 936-37 (10th Cir. 1982)).

The court declines to find the defendants' appeal to be frivolous. As part of their response to plaintiffs' motion to certify the appeal as frivolous, the defendants argue that defendants' interlocutory appeal did not in total reject plaintiffs' version of facts. Defendants note that in their motion for qualified immunity, they stated: "The thrust of the officers' qualified immunity is straightforward. Assuming Lowery's sworn version of the events surrounding his confession is true, his factual account is insufficient to establish a constitutional violation." Defendants' Motion for Summary Judgment, Dkt. No. 121, pg. 1. Indeed, the court noted the findings of fact in its order denying summary judgment. Where the fact is controverted, the court noted that it would view the fact in the light most favorable to plaintiff. As plaintiff states in its motion to certify the appeal as frivolous: "[A]n appellate court may examine on interlocutory appeal the purely legal question of whether the facts alleged by plaintiff support a claim of violation of clearly established law," but it may not review the district court's denial of qualified immunity "insofar as the order determined plaintiff's claims are supported by sufficient evidence in the record or disputed issues of material fact exist which preclude summary judgment." *Robbins v. Wilkie*, 433 F.3d 755, 761 (10th Cir. 2006) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 528 n. 9 (1985); *Johnson v. Jones*, 515 U.S. 304, 317 (1995); *Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997)).

In the court's view, the determination of whether there is a purely legal question to review should be determined by the Tenth Circuit. The court finds no substantial reason demonstrating that defendants' appeal is frivolous. For these reasons, the court denies plaintiffs' motion.

IT IS ACCORDINGLY ORDERED this 14th day of December, 2006, that plaintiffs' motion to certify defendants' interlocutory appeal as frivolous (Dkt. No. 142) is denied.

                                                  s/ J. Thomas Marten
                                                  J. THOMAS MARTEN, JUDGE