## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EDDIE JAMES LOWERY, and )
AMANDA MARIE LOWERY, )
)
Plaintiffs, )
)
v. )                      Case No. 04-3101-JTM
)
THE COUNTY OF RILEY, et al., )
)
Defendants, )
_____ )

## MEMORANDUM AND ORDER

Before the Court are the following motions:

1.    Plaintiffs' Motion for Hearing to Schedule Status Conference (Doc. 127), Defendants' Response (Doc. 132), and Plaintiffs' Reply. (Doc. 137);

2.    Defendants' Motions to Stay Discovery During Interlocutory Appeal (Doc 139), Plaintiffs' response (Doc. 143), and Defendants' Reply (Doc. 145.)

The Court has reviewed the briefs, as well as the docket sheet for the pending appeal to the Tenth Circuit, and is prepared to rule.

## PROCEDURAL BACKGROUND

Lowery and his daughter brought this action against Riley County and several of its agencies and employees, seeking compensation under 42 U.S.C. §

1983 and various state law causes of action.  The individual Defendants filed a

motion to dismiss based on the doctrine of qualified immunity (Doc. 56), and

Defendants also filed two summary judgment motions directed to Plaintiffs' state

law claims. (Doc's 62, 77.)

Defendants also filed early motions to stay discovery pending a ruling on

their motion for qualified immunity.  (Doc's 60 & 78).  The undersigned

magistrate judge granted in part and denied in part these motions and outlined the

discovery, including eleven specific depositions, that would be allowed in

connection with the qualified immunity claims.  (Doc. 96.)

The district judge later granted in part and denied in part Defendants'

motions for qualified immunity, and also denied both of the summary judgment

motions directed to the state law claims.  (Doc.  124.)  Defendants filed an

interlocutory appeal to the Court of Appeals for the Tenth Circuit (Doc. 125) which

was subsequently docketed as Appeal No. 06-3369.  (Doc. 136.)

Shortly after the appeal was filed, the present motion by Plaintiffs seeking a

scheduling conference (Doc. 127) and the present motion by Defendants seeking a

stay of discovery during appeal (Doc. 139) were filed and briefed.  Also, at about

the same time, Plaintiffs' filed a Motion to Certify Defendants' Interlocutory

Appeal as Frivolous. (Doc. 141.)  In opposing Defendants' motion to stay

2

discovery pending appeal, Plaintiffs argued that it appeared likely that the Court

would find the appeal to be frivolous and that this would allow all discovery to

proceed, even as to the Defendants who were claiming qualified immunity.  (Doc.

143 at 6.)  The district judge, however, concluded that there was no substantial

reason demonstrating that Defendants' appeal was frivolous, and therefore denied

Plaintiffs' motion.  (Doc. 147.)

## DISCUSSION

Generally, the decision to stay discovery rests within the discretion of the

trial court.  ***Kutilek v. Gannon***, 132 F.R.D. 296, 297 (D. Kan. 1990); *see also **Am.***

***Maplan. Corp. v. Heilmayr***, 203 F.R.D. 499, 501 (D. Kan. 2001) (stating that a

Magistrate's non-dispositive pretrial orders are subject to a deferential, "clearly

erroneous" standard).

Plaintiffs argue that they should at least be entitled to proceed with

discovery related to the *Monell* claims and the state law claims.  (Doc. 143 at 4.)

The Court is sympathetic with Plaintiffs' position that this case is old;  however,

under the circumstances presented in this case, the Court does not agree that

discovery should proceed while the appeal is undecided.

First, this is not a case where Plaintiffs have been wholly denied the right to

conduct <u>any</u> discovery because of a motion for qualified immunity.  As previously

noted, the court allowed Plaintiffs to conduct fairly extensive discovery in connection with the qualified immunity motion, including eleven depositions which could have lasted as long as twenty-seven hours.  These depositions included two of the officers who are appealing the qualified immunity decision (Malugani and Johnson), another officer (Raynor), not more than two prosecuting attorneys, three supervisory personnel, not more than two additional law enforcement officers, and one Rule 30(b)(6) deposition related to training procedures of officers.  (Doc. 96 at 17-22.)  Thus, to the extent that anyone has a concern about preserving testimony, that has already been accomplished to some extent.

Second, it would be very difficult, if not impossible, to delineate precisely the scope of any additional discovery that could take place during appeal so that it did not include evidence related to the qualified immunity claims.[1]  In fact, in ruling on the motions for summary judgment on the state law claims, the Court noted that the findings of fact pertaining to the state law claims were "largely the same as those for qualified immunity."  (Doc. 124 at 33.)  The same is true of the

---

[1]  The Court recognized this problem in its earlier Memorandum and Order allowing certain specified discovery related to the qualified immunity issue.  *See* Doc. 96 at 21 (noting that the requested discovery about training of officers appeared to relate mainly to supervisory and *Monell* claims, but allowing one deposition in this area since the requested discovery might also be relevant to qualified immunity issues).

*Monell* claims.

Because of the blurred line between discovery related to state law or *Monell* claims and discovery related to the Defendants qualified immunity claims which are now on appeal, if the Court were to allow discovery to proceed, there is a very real possibility that there would be a duplication of discovery in the future, particularly if the decision on qualified immunity were affirmed.  This would be both expensive and inefficient.

The Court notes that this case is set for oral argument before the Tenth Circuit on January 24, 2008.  Presumably a decision will be forthcoming shortly thereafter.  Therefore, the Court will grant Defendants' motion to stay all discovery until the Tenth Circuit has issued its opinion in the pending appeal.  Plaintiffs' motion to set a scheduling conference <u>at this time</u> is denied; however, as soon as the Tenth Circuit opinion has been handed down, the Court will set a scheduling conference with counsel to set deadlines leading to trial of the remaining issues in this case.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Stay Discovery During Interlocutory Appeal  (Doc 139) is GRANTED .

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Hearing to Schedule Status Conference (Doc. 127) is DENIED <u>at this time,</u> but a scheduling

and/or status conference will be set as soon as the Tenth Circuit has issued its

decision in the pending appeal.

Dated at Wichita, Kansas, on this 27th day of December, 2007.

____s/ Donald W. Bostwick_____
DONALD W. BOSTWICK
United States Magistrate Judge
