IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDDIE JAMES LOWERY, and ) <br> AMANDA MARIE LOWERY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE COUNTY OF RILEY, et al., ) <br> ) <br> Defendants, ) <br> _____ ) | Case No. 04-3101-JTM-DWB |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Second Motion to Stay Discovery and supporting memorandum (Doc's 156, 157), Plaintiff's Response (Doc. 159), and Plaintiffs' Reply. (Doc. 160.) The Court has reviewed the briefs and DENIES the motion for continued stay of discovery.

**PROCEDURAL BACKGROUND**

The procedural background of this case, particularly as to stay of discovery, was set out in this Court's Memorandum and Order of December 27, 2007 (Doc. 151), and will not be repeated here. On April 14, 2008, the Tenth Circuit issued its opinion in Defendants' interlocutory appeal, dismissing, for lack of jurisdiction, the appeal from the trial court's denial of qualified immunity as to Plaintiffs'

claims for coercion, failure to investigate, fabrication of evidence, and malicious prosecution. Lowery v. County of Riley, 522 F.3d 1086, 1091-92 (10th Cir. 2008). The Circuit did reverse the trial court's denial of qualified immunity as to Mr. Lowery's and Amanda's claim for loss of familial association, and affirmed in part and reversed in part the denial of qualified immunity as to the supervisory liability claims. 522 F.3d at 1092-93. Defendants then filed a timely Petition for Rehearing *En Banc,* which was denied by Order filed June 17, 2008. The mandate then issued on June 25, 2008. (Doc. 158.)

Defendants seek a continued stay of all discovery in this case pending a decision by the U.S. Supreme Court on the Petition for Writ of Certiorari which they intend to file during the month of August.[1] Defendants argue that the reasons for staying discovery that were set out in this Court's Memorandum and Order of December 27, 2007, continue to apply, and that allowing discovery to proceed would effectively deny them the full benefits of the qualified immunity they seek through their Petition for Writ of Certiorari.

Plaintiffs' counter that because the interlocutory appeal has now been

---

[1] The Court checked the Supreme Court docket as of the date of this Memorandum and Order and could find no pending cert petition. It appears that the 90-day period for Defendants to seek certiorari runs from the date the Petition for Rehearing En Banc was denied by the Tenth Circuit. *See* Sup.Ct. R. 13.3. This would result in a deadline of September 15, 2008.

dismissed as to the majority of Plaintiffs' claims, no further stay is warranted, and this Court has jurisdiction to proceed on all claims (except those for loss of familial association and any supervisory claims directly related to the loss of familial association). Plaintiffs urge that Defendants failed to seek a stay of the mandate in the Tenth Circuit, which they could have done, and that Defendants have failed to show that their proposed Petition for Writ of Certiorari has sufficient merit to qualify for the extraordinary review granted by the Supreme Court to only a few select cases.

## DISCUSSION

Generally, the decision to stay discovery rests within the discretion of the trial court. Kutilek v. Gannon, 132 F.R.D. 296, 297 (D. Kan. 1990). Likewise, Plaintiff's acknowledge that this Court has broad discretion to control and place appropriate limits on discovery. (Doc. 159 at 4, *citing* McCormick v. City of Lawrence, 218 F.R.D. 687, 693 (D. Kan. 2003)).

There are three alternatives available to the Court concerning the scheduling of discovery in this case while awaiting a ruling by the Supreme Court on a Petition for Writ of Certiorari: (1) allow only discovery on the Monell claims to proceed; (2) stay all discovery; or (3) allow all discovery to proceed.

The alternative to allow only Monell discovery presents problems that the

3

Court has previously discussed. It would be very difficult, if not impossible, to delineate precisely the scope of any discovery that could take place during pendency of the Petition for Writ of Certiorari on the Monell claims so that it did not include evidence related to the qualified immunity claims Defendants are attempting to vindicate.[2] It was this blurred line between discovery related to Monell claims and discovery related to the Defendants' qualified immunity claims which concerned the Court during the Tenth Circuit appeal. As previously stated in the December 27, 2007 Memorandum and Order, if the Court were to allow "limited" discovery to proceed (only on the Monell claims), there was a very real possibility that there would be a duplication of discovery in the future, particularly if the decision denying qualified immunity were affirmed. This would be both expensive and inefficient. (Doc. 151 at 4-5.)

Defendants argue that this fact justifies the second alternative – the continued stay of all discovery in this case pending decision by the U.S. Supreme Court. The Court might agree had there been a dissenting opinion in the Tenth Circuit appeal or some indication that the decision by the Tenth Circuit was in

---

[2] The Court recognized this problem in its earlier Memorandum and Order allowing certain specified discovery related to the qualified immunity issue. *See* Doc. 96 at 21 (noting that the requested discovery about training of officers appeared to relate mainly to supervisory and *Monell* claims, but allowing one deposition in this area since the requested discovery might also be relevant to qualified immunity issues).

conflict with those of other circuits or was a case of first impression. None of these circumstances are present in this case. There was no dissenting opinion, and only one judge out of the thirteen judges who considered the Petition for Rehearing En Banc voted to grant the motion. Nothing in the Tenth Circuit opinion indicates that it presents a case of first impression on a unique issue of law or that it is contrary to decisions of other circuits. While this is no guarantee that the Supreme Court will deny a petition for certiorari, it is a major indication of the difficulty Defendants face in convincing the Supreme Court that discretionary review is justified in this case.[3] Thus, the present circumstances are significantly different than they were at the time this court previously refused to allow discovery to proceed during the Tenth Circuit appeal.

Considering all the facts, the Court believes that the third alternative is the appropriate result. It is now time to move forward and complete all discovery so that there will be no further delays in setting a trial on the merits of Plaintiffs' claims. The case has been on file since March 2004, and Defendants have had ample opportunity to make their case for a finding of qualified immunity on the

---

[3] It is also informative that Defendants were unable to convince Justice O'Connor, who sat on the panel in the Tenth Circuit appeal, of the merits of their appeal as to the claims of coercion, failure to investigate, fabrication of evidence, and malicious prosecution. Justice O'Connor both joined in the panel opinion and voted to deny the rehearing petition.

major claims brought by Plaintiffs. While there is still a chance that Defendants will prevail on their claim of qualified immunity in the Supreme Court, weighing that chance against the continued delay to Plaintiffs from their day in court leads the Court to deny the motion for any continued stay of discovery.

**IT IS THEREFORE ORDERED** that Defendants' Second Motion to Stay Discovery (Doc 156) is DENIED .

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 16(b), a scheduling conference is hereby set with counsel, to be conducted by telephone conference call, for **September 10, 2008 at 2:30 p.m.**, to set all remaining deadlines leading to trial of the remaining issues in this case.

Pursuant to Fed. R. Civ. P. 26(f), no later than **August 29, 2008**, the parties, in person and/or through counsel, shall confer to discuss the nature and basis of their claims and defenses, to discuss the use of mediation or other methods of alternative dispute resolution (ADR), to develop a proposed discovery plan, and to make or arrange for any supplemental disclosures required by Fed. R. Civ. P. 26(a)(1) and 26(e).

Prior to the Rule 26(f) planning conference, counsel shall have conferred with their clients to discuss these issues and the benefits of mediation or other methods of ADR. The parties and counsel should be prepared to discuss the timing

of the particular ADR process to be pursued and the person who will conduct the process, *i.e.* a mediator or other neutral at the scheduling conference.

In developing their case management plan, counsel should keep in mind that electronically stored information (ESI) was the subject of very significant amendments to Fed. R. Civ. P. 16, 26, 33, 34, 37, and 45 that went into effect on December 1, 2006.  Therefore, prior to the Rule 26(f) planning conference, counsel should familiarize themselves with those amendments and review the ESI guidelines that are posted on this court's Internet website:

(*http://www.ksd.uscourts.gov/guidelines/electronicdiscoveryguidelines.pdf*).
As this court's ESI guidelines make clear, prior to the Rule 26(f) conference, counsel also should become knowledgeable about their clients' information management systems and their operation, including how the information is stored and retrieved.

By **September 5, 2008,** Plaintiffs' counsel shall submit a completed report of the parties' planning conference to the undersigned magistrate judge.  The report shall follow the report form  posted on the court's Internet website:

(*http://www.ksd.uscourts.gov/forms/wpforms/StdForm35.wpd*).
It shall be submitted electronically as an attachment to an Internet e-mail sent to *ksd_bostwick_chambers@ksd.uscourts.gov*, and **shall not be filed with the**

**Clerk's Office**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 12th day of August, 2008.

                                               s/ DONALD W. BOSTWICK
                                               DONALD W. BOSTWICK
                                               United States Magistrate Judge