# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EDDIE JAMES LOWERY, and )
AMANDA MARIE LOWERY, )
                              )
                Plaintiffs, )
                              )
v. )    Case No. 04-3101-DWB
                              )
THE COUNTY OF RILEY, et al., )
                              )
                Defendants, )
_____ )

## MEMORANDUM AND ORDER

Before the Court are the following motions:

1. Defendants' Motion to Enforce Settlement Agreement (Doc. 277), Response of Farmers Alliance Mutual Insurance Company (hereafter FAMI) (Doc. 280) and Defendants' Reply. (Doc. 284);

2. FAMI's Motion to Intervene as of Right and accompanying Memorandum (Doc 278, 279), Defendants' response (Doc. 285), and FAMI's Reply. (Doc. 286.)

The Court has reviewed the briefs, and is prepared to rule.

## PROCEDURAL BACKGROUND

It is undisputed that the Court (both the undersigned magistrate judge and the assigned district judge) entered orders directing mediation of this case and further directing that certain insurers, including FAMI, attend a mediation

conference to be conducted by Dennis Gillen on November 12, 2009. (Doc. 265, 266.) The mediation was held and an ADR Report was filed on December 12, 2009, which indicated that the case had settled at the ADR session, but also stated that the session lasted over eight hours in person with "3 weeks of follow up discussion." (Doc. 275.)

A dispute has now arisen as to whether FAMI offered to contribute funds to the proposed settlement. Defendants filed a Motion to Enforce Settlement Agreement on February 1, 2010 (Doc. 277), and FAMI filed their Motion to Intervene on February 18, 2010. (Doc. 278.) FAMI's motion to intervene also requests leave to file their attached Complaint of Intervenor Farmers Alliance Mutual Insurance Company for Declaratory Judgment. (Doc. 279-1.) Defendants question whether a motion to intervene under Fed. R. Civ. P. 24(a)(2) is necessary, but do not question FAMI's right to appear and defend against the motion to enforce the settlement agreement. Defendants do oppose the filing of the complaint for declaratory judgment by FAMI and argue that FAMI should only submit a pleading which sets outs its defenses to the pending motion to enforce settlement agreement. In reply, FAMI suggests that the motion to intervene is necessary in order to give this court subject matter jurisdiction.

**DISCUSSION**

A trial court has the power to summarily enforce a settlement agreement between the parties to a case which is still pending in that court. ***United States v. Hardage,*** 982 F.2d 1491, 1496 (10th Cir. 1993); ***Shoels v. Klebold,*** 375 F.3d 1054, 1060 (10th Cir. 2004). The question is whether the parties have reached a meeting of the minds as to all essential terms of the settlement. ***Watson v. Marinovich,*** No. 98-2380-KHV, 1999 WL 450950, * 2 (D. Kan. Jun. 22, 1999) *citing* ***Albers v. Nelson,*** 248 Kan.575, 580, 809 P.2d 1194, 1198 (1991). Whether this issue is governed by state contract law, *see* ***Advantage Properties, Inc. v. Commerce Bank, N.A.,*** 242 F.3d 387, 2000 WL 1694071 at * 2 (10th Cir. 2000) (Table) *citing* ***Central Kan. Credit Union v. Mutual Guar. Corp.,*** 886 F.Supp. 1529, 1537 n. 2 (D. Kan. 1993), *aff'd* 102 F.3d 1097 (10th Cir. 1996), or federal law, *see* ***Swift-Eckrich, Inc.,*** 55 F.Supp.2d 1280, 1284 (D. Kan. 1999), is often immaterial because it does not appear there is any substantial difference in the standards to be applied under Kansas law or federal law.

The law favors agreements to compromise and settle disputes, and absent bad faith or fraud, parties who have entered into a settlement agreement will not be allowed to repudiate it. *See* ***Advantage Properties,*** 2000 WL 1694071 at * 2, *citing* ***Ferguson v. Schneider Nat'l Carriers, Inc.,*** 826 F.Supp. 398, 400 (D. Kan.

1993). Whether an evidentiary hearing is required to resolve material facts concerning the existence or terms of a settlement agreement must be determined on a case-by-case basis. ***Johnson v. Landmark Plaza, Ltd.,*** 16 F.3d 416, 1994 WL 36773 at * 1 (10th Cir. 1994) (Table).

In this case, FAMI is not a party to this case and it participated in the mediation conference only as a result of the Court's order requiring that certain insurers attend the mediation. The Court is not prepared to find that participation in the mediation conference alone made FAMI a party to this action. FAMI now seeks to intervene in order to protect itself from Defendants' claim that FAMI agreed to contribute funds as part of the settlement with Plaintiff. The Court agrees that due process requires that FAMI be entitled to participate in the case for this purpose and further agrees that the motion to intervene pursuant to Fed. R. Civ. P. 24 is proper and is hereby GRANTED.[1]

Fed. R. Civ. P. 24(c) provides that a motion to intervene must state the grounds for intervention and "must be accompanied by a *pleading* that sets out the claim or defense for which intervention is sought." (Emphasis added.) Fed. R. Civ. P. 7(a) defines a "pleading" as one of seven specific documents (i.e., a complaint,

---

[1] Because FAMI has moved to intervene in this case, the Court does not need to reach the question of whether it would have jurisdiction to enforce the settlement as to FAMI if it did not voluntarily seek to intervene.

4

answer to a complaint, etc.).  Rule 7(b) deals with "motions and other papers" and states that rules governing the form of pleadings also apply to motions or other papers; however, motions are not included within the definition of "pleadings." Therefore, contrary to Defendants' position, FAMI could not technically comply with the requirements of Rule 24(c) by simply proposing to a response to Defendants' motion to enforce settlement.[2]

The unique factual circumstances of this case, however, raise a question as to what type of "pleading" should be filed by FAMI as an intervenor.

First of all, it appears to the Court that the form of document used to identify and define the issue now in dispute between FAMI and Defendants is procedural rather than substantive.  Regardless of what it is called, the document used to state FAMI's position concerning the settlement is not critical to the Court's jurisdiction since the Court has the power to summarily enforce a settlement agreement between the parties (and FAMI is a party once the motion to intervene is granted). See ***United States v. Hardage,*** 982 F.2d at 1496.

Second, from a practical standpoint, once intervention is allowed and FAMI

---

[2] In this case, on the same day it filed its motion to intervene, FAMI also filed its response to Defendants' motion to enforce the settlement agreement.  (Doc. 280.)  While the response and the complaint for declaratory judgment are not identical, they recite substantially the same facts and seek substantially the same relief, i.e., a determination that FAMI did not agree to contribute to the settlement.

5

becomes a party to the case, the relief it is seeking seems to be more accurately described as a "crossclaim" since the relief FAMI seeks relates only to the Defendants and has nothing to do with Plaintiff. A crossclaim is defined as "any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action . . . or if the claim relates to any property that is the subject matter of the original claim." Fed. R. Civ. P. 13(g).

Therefore, in order to comply with procedural niceties, the Court will allow FAMI to file the document attached to its motion to intervene <u>provided</u> that it is modified to state a crossclaim for declaratory judgment against Defendants rather than be designated as a complaint. FAMI shall file its modified pleading not later than **May 7, 2010**, and Defendants shall file any answer to that crossclaim by **May 14, 2010.** Defendants in their answer may assert their claim for relief against FAMI as a crossclaim and may also incorporate allegations of their motion to enforce settlement in order to streamline further proceedings. Any answer by FAMI to Defendants' crossclaim shall be filed by **May 21, 2010**. All further proceedings in this case will be governed by the crossclaims filed and to be filed by the parties rather than by the motion to enforce settlement. As a result, the Court concludes that Defendants' Motion to Enforce Settlement is being

superseded by the crossclaims of the parties and is therefore MOOT.

## FURTHER PROCEEDINGS

The parties have consented to have the undersigned magistrate judge conduct all further proceedings in this case including any trial and entry of judgment. (Doc. 288.) It appears to the Court that regardless of the procedural disputes concerning the type of pleadings or motions necessary to raise the issues in dispute between the parties, all parties are fully familiar with the issues that are in dispute and it is appropriate to expedite resolution of this matter. In order to do so, the Court will hold a telephone status conference with counsel even before the above pleadings are filed in order to set any necessary hearing dates and other appropriate deadlines, if any. That telephone conference is set for **May 4, 2010 at 10:00 a.m.**. The Court will place the call.

**IT IS THEREFORE ORDERED** that FAMI's Motion to Intervene as of Right (Doc 278), is GRANTED, and FAMI is directed to file its Crossclaim Against Defendants as directed in this Memorandum and Order. Any answer to that crossclaim shall be filed within the time set in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Enforce Settlement Agreement (Doc. 277), is MOOT and has been superseded by the crossclaims filed and to be filed as a result of the rulings in this Memorandum and

Order.[3]

Dated at Wichita, Kansas, on this 30th day of April, 2010.

                                          s/ DONALD W. BOSTWICK
                                          DONALD W. BOSTWICK
                                          United States Magistrate Judge

---

[3] While the Court has determined that the motion to enforce settlement, response and reply are now moot, it will treat those documents as if they were trial briefs of the parties.